VICTORY, J.,
dissenting.
hThe majority fails to mention that our court unanimously denied Boyett admission on June 29, 2001. See, In Re: Boyett, 00-2808 (La.6/26/01), 789 So.2d 1289. Our law, reaffirmed only a few weeks ago, in In Re: Hinson-Lyles, 05-2446 (La.1/24/06), 919 So.2d 721, requires that an applicant who has previously been denied admission must show a change of circumstances. See, In Re: Jordon, 00-3006 (La.12/15/00), 775 So.2d 1065. The majority fails to acknowledge that law and fails to discuss any change of circumstances.
Not only was Boyett convicted by a unanimous jury of aiding and abetting the manufacture of methamphetamine and sent to federal prison, he has since stated that he committed perjury at his federal trial at the suggestion of his attorney. This Court was so concerned about these matters that it unanimously denied him admission in 2001. Further, perjury is so serious that it is a grounds for permanent disbarment for a lawyer. As Justice Knoll in her concurrence in In Re: Hinson-Lyles, 02-2578 (La.12/3/03), 864 So.2d 108, 114, reh’ing denied 1/16/04, notes: “[i]t is a mockery of our rules to allow someone to apply for admission when the disputed conduct at issue is a recommended grounds for permanent disbarment.”
As for his rehabilitation, Boyett testified at his character and fitness hearing on January 16, 2001, as follows: “[rjehabilitation means to me that you’ve learned from | ¡>your mistakes, and you’re going to try to do — you’re going to try to conform to the norm now. I may have made a mistake in judgment, but I don’t think I made any mistakes that warranted any type of rehabilitation.” [Emphasis added]
In my view this Court makes an enormous mistake in admitting this applicant to the practice of law.